IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEANETTE GREEN,                    )
                                   )
            Plaintiff,             )
                                   )
     v.                            )     No.  07 C 4670
                                   )
OFFICERS JOHN DOE, et al.,         )
                                   )
            Defendants.            )

## MEMORANDUM ORDER

Counsel for the City of Chicago ("City") has filed its Answer and a purported set of Affirmative Defenses ("ADs") to the action brought against it and a number of its unnamed police officers under the auspices of 42 U.S.C. §1983 ("Section 1983") and the common law of Illinois. This memorandum order is issued sua sponte to correct the Pavlovian assertion of several boilerplate ADs that plainly do not fit this case:

   1.  AD 1 is at odds with the basic principle that a plaintiff's allegations in her Complaint must be accepted as true for AD purposes--see App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

   2.  AD 2 has the same flaw, not only from the Complaint's description of the event sued upon (see Complaint ¶7) but also because of the specific allegation of wilful and wanton conduct on the part of the officers (see Complaint ¶9).

   3.  AD 3 is at odds with the Complaint's claim of

City's respondeat superior liability.

4. Both ADs 4 and 5 have no place in this case in light of the Complaint's allegations--nothing there supports the notion of wrongful conduct on plaintiff's part, and just how, pray tell, can mitigation of damages enter the picture at all?

All of the ADs are accordingly stricken, and defense counsel should give some thought to the loss of confidence likely to be produced by such substandard practice.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: December 12, 2007