FILED
APRIL 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANETTE GREEN, ) | |
|     Plaintiff, ) | |
| ) | No. 07 C 4670 |
| v. ) | |
| ) | Judge Shadur |
| OFFICERS A. SABELLA, # 16595, ) | |
| N. LIBOY, # 6843, T.WESTBROOKS, ) | Magistrate Judge Mason |
| # 16446, JOHN DOE and ) | |
| THE CITY OF CHICAGO, ) | |
| A MUNICIPAL CORPORATION, ) | |
|     Defendants. ) | |

## FIRST AMENDED COMPLAINT

1.   The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2.   Plaintiff Jeanette Green is an African-American female, a citizen of the United States and resident of Illinois.

3.   Defendant OFFICERS SABELLA, LIBOY, WESTBROOKS and DOE, whose name is currently unknown, are police officers employed by the City of Chicago, and were at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant Officers A. Sabella, N. Liboy, T. Westbrooks and Doe are being sued individually.

4.   The City of Chicago, is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers Sabella, Liboy and Westbrooks, and Doe.

## FACTS

5. On August 19, 2006 at about 1:00 a.m., Plaintiff Jeanette Green was at her home located at 1365 N. Hudson, Chicago, IL when four Chicago policemen knocked on their door. Sharon Green answered the door and refused the officers entry to her home.

6. The officers then pushed their way into the apartment and began to conduct a search. Sharon yelled to her sister to wake up as the police were conducting an illegal search.

7. Jeanette, who was sleeping in a bedroom, awoke to an officer standing in the room. Jeanette then requested that the officer leave the room so that she could dress herself. The officer refused, made Jeanette get out of the bed naked and then proceeded to shine his flashlight in her private area.

8. Upon finding nothing, the officers left the apartment.

## COUNT I

### (42 U.S.C. SECTION 1983-14th Amendment Right to Privacy)

(1-8). Plaintiff Jeanette Green, alleges and realleges paragraphs 1 through 8 as fully set forth above.

9. As a result of the unreasonable and unjustifiable intrusion on Jeanette Green's privacy, Plaintiff Green suffered emotional injury.

10. This unreasonable and unjustifiable invasion of privacy by defendant officers A. Sabella, N. Liboy, T. Westbrooks and Doe was a direct and proximate cause of Green's pain, suffering and metal anguish. The acts alleged above by the individual Defendants violated the Plaintiff's Fourteenth Amendment right to be free from unreasonable violations of privacy, in addition to a violation of 42 U.S.C. 1983.

**WHEREFORE**, Plaintiff Jeanette Green, demands $50,000 in compensatory damages

against Defendant Officers A. Sabella, N. Liboy, T. Westbrooks and Doe, and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT II

### (42 U.S.C. 1983- 1st Amendment Right to Privacy)

(1-8).    Plaintiff Jeanette Green alleges and realleges paragraphs 1 through 8 as though fully set forth herein.

9. The aforesaid acts of Defendant Officers A. Sabella, N. Liboy, T. Westbrooks and Doe were done maliciously, willfully and wantonly and with such reckless disregard for Plaintiff's 1st Amendment rights to privacy as to constitute a violation of Plaintiff's 42 U.S.C. Sec. 1983 rights to be free from unreasonable police intrusion of privacy.

**WHEREFORE**, Plaintiff Jeanette Green, demands $50,000 in compensatory damages against Defendant Officers A. Sabella, N. Liboy, T. Westbrooks and Doe, and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT III

### (Supplemental State Law Claim, Invasion of Privacy)

(1-8).    Plaintiff Jeanette Green alleges and realleges paragraphs 1 through 8 as though fully set forth herein.

9. The aforesaid acts of Defendant Officers A. Sabella, N. Liboy, T. Westbrooks and Doe were done maliciously, willfully and wantonly and in reckless disregard for Plaintiff's right to privacy

as to be actionable under Illinois law.

**WHEREFORE**, Plaintiff Jeanette Green, demands $50,000 in compensatory damages against Defendant Officers A. Sabella, N. Liboy, T. Westbrooks and Doe, and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT IV

### (42 U.S.C. Section 1983-Conspiracy)

(1-8). Plaintiff Jeanette Green alleges and realleges paragraphs 1 through 8 as though fully set forth herein.

9. Officers Defendant Officers A. Sabella, N. Liboy, T. Westbrooks and Doe reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

10. All defendant officers did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiff of his rights, privileges and immunities as guaranteed by the Constitution and laws of the United States.

11. Additionally, said conspiracy/joint action violated Plaintiff's Fourth Amendment rights under the color of law in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his pain, suffering and metal anguish.

12. Acting in furtherance of this plan and conspiracy, each of the Defendants

committed overt acts, including, but not limited to the invasion of privacy as fully alleged in paragraphs 1-8. This course of conduct by the Defendants was done willfully, maliciously, intentionally or with reckless disregard and directly and proximately caused serious injury to the Plaintiff.

**WHEREFORE** Plaintiff demands $15,000 in compensatory damages against each Defendant, and because the Defendants acted maliciously, willfully and /or wantonly, Plaintiff demands $15,000 in punitive damages against Defendant Officers A. Sabella, N. Liboy, T. Westbrooks and Doe individually.

## COUNT V

**(Respondent Superior Under Illinois Law Against the City of Chicago)**

(1-8). Plaintiff Jeanette Green alleges and realleges paragraphs 1 through 8 as though fully set forth herein.

9. The aforesaid acts of Defendant Officers A. Sabella, N. Liboy, T. Westbrooks and Doe were done within the scope of their employment as Chicago Police Officers, were willful and wanton, and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE**, Plaintiff Jeanette Green, demands judgment against Defendant City of Chicago plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

The Law Office of Standish E. Willis

By: \_\_\_s:Angela Lockett_____

                Attorney for Plaintiff

The Law Office of Standish E. Willis
407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005